NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| T.M.J.,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>VALLEJO CITY UNIFIED SCHOOL DISTRICT; FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT,<br><br>Defendants - Appellees. | No. 24-6925<br><br>D.C. No.<br>2:23-cv-02141-TLN-SCR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 6, 2025
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT, District Judge.**

Plaintiff T.M.J. was a student in Vallejo City Unified School District

(VCUSD) from 2012 to 2018, and in Fairfield Suisun Unified School District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

(FSUSD) from 2018 to 2024. He appeals the district court's Rule 12(b)(6) order dismissing his Individuals with Disabilities Education Act (IDEA) suit against VCUSD and FSUSD (collectively, Defendants) as untimely under the IDEA's statute of limitations. We review the grant of a motion to dismiss de novo, *Pardini v. Unilever U.S., Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023), including whether a claim is barred by the IDEA's statute of limitations, *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 939 (9th Cir. 2017). We affirm.

The IDEA provides that a parent "shall request an impartial due process hearing within 2 years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). In this suit, T.M.J. alleges violations dating back to 2013, but he did not file his due process complaint until April 28, 2023. In 2020, T.M.J. was diagnosed for the first time with a specific learning disability, revealing that up until then he had suffered from an undiagnosed disability. By this point, at the very latest, his parents therefore "knew or should have known about the alleged action that forms the basis of the complaint," *id.*, *i.e.*, the Defendants' alleged misdiagnosis of T.M.J. The district court thus correctly determined that T.M.J.'s claims preceding April 28, 2021 were time-barred. *See J.R. v. Ventura Unified Sch. Dist.*, Nos. 25-334 & 25-5247, ---

2                                                                                    24-6925

F.4th ---, Slip Op. at 16–21 (9th Cir. April 22, 2026).[1]

The IDEA also provides that the two-year statute of limitations "shall not apply to a parent if the parent was prevented from requesting the hearing due to— (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent." 20 U.S.C. § 1415(f)(3)(D). The district court correctly determined that neither exception applies.

The first exception does not apply because Defendants made no "specific misrepresentations" that they "had resolved the problem forming the basis of the complaint." 20 U.S.C. § 1415(f)(3)(D)(i). As we explained in *J.R.*, a general statement that a school district has assessed a student in all areas of suspected disability, without more, does not toll the statute of limitations under this exception. *See J.R.* Slip Op. at 28–29 (explaining that § 1415(f)(3)(D)(i) requires parents to show "that the school intentionally misled them or knowingly deceived them

_____

[1] On appeal, T.M.J. claims Defendants failed to diagnose him with dyslexia. But T.M.J. did not plead in his complaint that he has dyslexia or that his mother ever learned that he suffered from undiagnosed dyslexia. So these purported facts provide no basis for reversing the district court's Rule 12(b)(6) dismissal. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that "when ruling on a motion to dismiss, [courts] must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint"). Regardless, the result would not change because in light of T.M.J.'s 2020 diagnosis, the statute of limitations began to run at least by that time. *See J.R.*, Slip. Op. at 26–27.

regarding their child's progress" (quotation omitted)).  Furthermore, while teachers represented that ADHD was causing T.M.J. academic difficulties, they never told T.M.J. or his parents that ADHD was the sole reason he was failing to progress.

The second exception to the statute of limitations does not apply because T.M.J. identifies no information that Defendants withheld that was "required under [the IDEA] to be provided to the parent."  20 U.S.C. § 1415(f)(3)(D)(ii); *see also J.R.*, Slip Op. at 34–35 (explaining that "plaintiffs can satisfy this exception only by showing that the school failed to provide them with a written notice, explanation, or form specifically required by the IDEA statutes and regulations" (quotation omitted)).  T.M.J. argues that Defendants should have provided grade-level equivalencies for T.M.J.'s assessment scores, rather than merely providing his scores and stating that he scored "below grade level."  In support of this argument, T.M.J. cites two different sections of the IDEA.  But neither requires a school district to provide the information T.M.J. describes.  *See* 20 U.S.C. § 1414(d)(1)(A)(i)(I) (requiring that IEPs include "a statement of the child's present levels of academic achievement and functional performance"); *id.* § 1415(b)(1) (requiring "[a]n opportunity for the parents of a child with a disability to examine all records relating to such child and to participate in meetings with respect to the identification, evaluation, and educational placement of the child").  Additionally, T.M.J. fails to show that any of these omissions were sufficiently material such that his parents

were "prevented from requesting the hearing." 20 U.S.C. § 1415(f)(3)(D); *see J.R.*, Slip Op. at 33–34.

T.M.J. also brings claims under Section 504 of the Rehabilitation Act, which provides another avenue for students with disabilities to enforce their right to equal education. *See Mark H. v. LeMahieu*, 513 F.3d 922, 925, 930 (9th Cir. 2008). The parties agree that T.M.J.'s Section 504 claims are governed by the same statute of limitations as his IDEA claims. These claims are time-barred for the same reasons described above.

**AFFIRMED.**[2]

---

[2] The motion of Council of Parent Attorneys and Advocates (COPAA) for leave to file an amicus brief, Dkt. 25, is granted.